THE LAWYERS' ADVERTISING COMPANY, Respondent, *v.* CONSOLIDATED RAILWAY LIGHTING AND REFRIGERATING COMPANY, Appellant.

CORPORATIONS — LIABILITY OF BUSINESS CORPORATION FOR EXPENSE OF PUBLISHING NOTICES OF SPECIAL ELECTION OF STOCKHOLDERS AND CALLS FOR PROXIES TO. BE VOTED THEREAT, UNDER ATTEMPTED AUTHORIZATION OF MAJORITY OF DIRECTORS.  Where it appears, in an action brought against a corporation by an advertising company to recover for services and expenses in procuring the publication of four notices relating to a special meeting of the stockholders and to the obtaining of proxies to be voted upon questions in dispute between the president and the majority of the board of directors, that the first publication, giving notice of the special meeting and asking for proxies to be voted thereat, was authorized by a majority of the directors at a meeting thereof, at which the secretary was directed to call the stockholders' meeting and that such authorization was within the scope of the powers and duties of the board of directors, the expense of that publication is a legitimate charge against the corporation for which the plaintiff may recover; but where it appears that the other three notices were not authorized by any lawful resolution or other action of the board of directors at any meeting thereof, but were merely signed by the majority of the directors, and that such notices were merely appeals for proxies to be used by one faction in its contest with the other for the control of the corporation, or a statement by such faction of its side of the controversy, it must be held that the publication of such notices was not, and could not have been, lawfully authorized by the board of directors; and that such notices bore, upon their face, sufficient notice to the plaintiff that they were of a character beyond the limit of anything which could be published in behalf of, or at the expense of, the corporation, so that the plaintiff cannot recover for the publication of such notices.  The theory that this was an executed contract of which the corporation had received the benefit and for the expense of which it should pay is not sustained by the facts.

*Lawyers' Advertising Co.* v. *C. R. L. & R. Co.*, 110 App. Div. 892, modified.

(Argued January 14, 1907; decided February 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1906, affirming a judgment in favor of plaintiff entered upon the report of a referee.  .

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis Woodbridge* for appellant. Henry B. Johnson had no apparent or implied authority to contract for the defendant. (*Leary* v. *A. B. Co.*, 77 App. Div. 6; *Bonynge* v. *Field*, 81 N. Y. 159; *Packard* v. *Stephani*, 85 Hun, 197; *Brown* v. *T. L. Ins. Co.*, 21 App. Div. 42.) No express authority was conferred upon Henry B. Johnson to contract for the defendant. (*P. Bank* v. *S. A. R. C. Church*, 109 N. Y. 512; *Leary* v. *A. B. Co.*, 77 App. Div. 6.) These were not proper corporate notices. (*Hull* v. *E. M. S. Co.*, 2 City Ct. Rep. 69; *Harrison* v. *F. P. Society*, 46 Conn. 559.)

*Gerard Roberts* for respondent. The secretary and Mr. Johnson had authority to call the meeting of the stockholders in the method pursued. (*Hoyt* v. *Thompson*, 19 N. Y. 207.) It is not essential to the validity of the contract that it be evidenced by a formal resolution on the minutes of the corporation. (*W. A. Co.* v. *Barlow*, 63 N. Y. 63; *T. T. R. Co.* v. *McChesney*, 21 Wend. 296; *Bagley* v. *C., N. & S. H. R. R. Co.*, 165 N. Y. 179; *Cunningham* v. *M. S. & T. C. R. R. Co.*, 63 Hun, 441; *Nutting* v. *K. C. E. R. R. Co.*, 21 App. Div. 72; *Wilson* v. *K. C. E. R. R. Co.*, 114 N. Y. 487; *Howell* v. *E. D. Co.*, 129 N. Y. 625.) The contract was performed in full by the plaintiff, and the defendant received and accepted the benefit of its performance, and will not now be permitted to avoid it. (*T. P. R. R. Co.* v. *Wilson*, 40 Atl. Rep. 597; *Parish* v. *Wheeler*, 22 N. Y. 494; *C. & A. R. R. Co.* v. *L., etc., R. R. Co.*, 48 N. J. L. 530; *Ellerman* v. *C. J. R. R. Co.*, 49 N. J. Eq. 242; *Chapman* v. *I. R. Co.*, 41 Atl. Rep. 690; *Prindle* v. *W. L. Ins. Co.*, 73 Hun, 448; 149 N. Y. 614; *The Sappho*, 94 Fed. Rep. 545; *P. C. & S. L. R. Co.* v. *K. & H. R. Co.*, 131 U. S. 371; *Hooker* v. *Eagle Bank*, 30 N. Y. 83; *Ellis* v. *H. M. Co.*, 9 Daly, 78.)

Hiscock, J. The plaintiff is engaged in the business of procuring advertisements to be published in newspapers. The

defendant is a corporation incorporated under the laws of the state of New Jersey, and having its business office in the city of New York.

A dispute arose between a majority of the board of directors of the defendant and its president, which ultimately ripened into a contest for the control of the management of the defendant and resulted in the publication through plaintiff in various papers of four notices, and it is for services and expenses in procuring the publication of these notices that the latter has sought recovery in this action. Thus far. it has been allowed to recover for all of them, but we think that this was erroneous, and that it should be limited to a recovery for those in connection with the first one only.

The event which directly led up to the advertisement of the notices was a meeting of the board of directors of the defendant. At this meeting the directors adopted a resolution which, in substance, gave their version of the dispute with the president and called, as properly might be done, a special meeting of the stockholders to pass upon various propositions. Said resolution instructed the secretary "to call such meeting."

After the meeting in an informal discussion a majority of the board authorized the secretary to consult with an attorney who was present with reference to preparing and giving the notice, and these persons united in preparing in proper form a notice of the meeting, and which, in accordance with the instructions of the attorney, the plaintiff caused to be published and advertised. This was the first notice.

There was no subsequent resolution authorizing, directly or indirectly, the publication of the other notices. As a result of informal consultations the secretary of the defendant and the attorney co-operated in preparing them and the attorney directed the plaintiff to procure their publication.

Very briefly summarized, the first of these urged the stockholders to execute and return to the directors contending against the president proxies for the special meeting which had been mailed to them. The second notice was directed to

.the stockholders and was a reply to a circular issued in behalf of the president calling for proxies. The last notice was directed to the stockholders and gave a somewhat extended account of the special meeting at which the president had outvoted the directors and contained various suggestions, as to what the latter might do in consequence of this result.

All of the notices were signed by a majority of the persons who were acting as directors, but in only the first and last ones did they describe themselves as such directors as distinguished from individuals.

We think that the resolution above referred to instructing the secretary to call a special meeting of the stockholders, construed and perhaps somewhat broadened by the subsequent conference of a majority of the directors at which they instructed the secretary and attorney to prepare a notice of such meeting, sufficiently authorized the publication of the first notice in suit and that its publication was a legitimate charge against the corporation. It may be, as contended by the appellant, that the by-law of the defendant which required the secretary to give " proper notice of all meetings of stockholders " only contemplated the notice prescribed by another by-law to the effect that at least two days' notice by mail should be given of such meetings, and it may be that such notice would have been a sufficient compliance with legal requirements. But it appeared in this case that transfers of defendant's stock were numerous and that a notice by mail of only two days to stockholders of record probably would not be a fair or sufficient notice of the meeting to actual stockholders. Under such circumstances it was not only proper, but in our judgment commendable, that the directors and secretary charged with that duty should give a more widespread and effective notice of the meeting than was required by the by-laws. A bitter dispute had arisen over the alleged retention by the president of a considerable amount of property which substantially affected the rights of the corporation and of the stockholders, and it certainly was for the interest of the latter that they should be fully advised of a meeting

which was to pass upon this dispute.  Proper and honest corporate management was subserved by widespread notice to stockholders of questions affecting the welfare of the corporation, and there is no impropriety in charging the latter with any expenses within reasonable limits which were incurred in giving sufficient notice of a special meeting at which the stockholders would be called upon to decide these questions.

The remaining notices were not legally authorized and were not legitimately incidental to the meeting or necessary for the protection of the stockholders.  They rather were proceedings by one faction in its contest with another for the control of the corporation, and the expense thereof as such is not properly chargeable to the latter.  This is so apparent as to the last two notices that nothing need be said in reference to them but a few words may be said in regard to the first one calling for proxies.  It is to be noted that this is not the case of an ordinary circular letter sent out with and requesting the execution of proxies.  The custom has become common upon the part of corporations to mail proxies to their respective stockholders often accompanied by a brief circular of directions, and such custom when accompanied by no unreasonable expenditure is not without merit in so far as it encourages voting by stockholders through making it convenient and ready at hand.  The notice in question, however, was not published until after proxies had been sent out.  It simply amounted to an urgent solicitation that these proxies should be executed and returned for use by one faction in its contest, and we think there is no authority for imposing the expense of its publication upon the company.  It may be conceded that the directors who caused this publication acted in good faith and felt that they were serving the best interests of the stockholders, but it would be altogether too dangerous a rule to permit directors in control of a corporation and engaged in a contest for the perpetuation of their offices and control, to impose upon the corporation the unusual expense of publishing advertisements or, by analogy, of dispatching special messengers for the purpose of procuring proxies in their behalf.

Thus we have it that the publication of the last three notices was not authorized by the board of directors and that it could not have been lawfully authorized even if the attempt were made. They bore upon their face sufficient notice to the plaintiff that they were of a character beyond the limit of anything which could be published in behalf of or at the expense of the corporation, and there is no opportunity for the claim that it has been misled by an apparent authority into performing the acts and in incurring the expenses in question. Neither is there anything in the theory urged by the respondent that this is an executed contract of which the corporation has received the benefit and for the expense of carrying out which it should, therefore, pay. That begs the whole question that these publications were for the benefit of the corporation and is unsustained by the facts.

In accordance with these views the judgment should be reversed and a new trial granted, with costs to abide event, unless the respondent consents that the same be modified by striking out the items respectively of $277.70, $173.65 and $208.70, with interest thereon from February 7, 1902, and in which case the judgment is affirmed, without costs in this court to either party.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WERNER and CHASE, JJ., concur.

Judgment accordingly.