NEIL P. CULLOM, as a Director, Individually and as a Stockholder of R. HOE & Co., INC., Suing on Behalf of Himself and All Other Stockholders of Said Corporation and for the Benefit of Said Corporation, Respondent, v. ALBERT C. SIMMONDS, JR., et al., Appellants, et al., Defendant.— The amended complaint alleges that in July, 1953, a "Stockholders Protective Committee" was organized by three of the defendants for the purpose of expelling four directors from office. This was to be accomplished by preferring charges against them at a special meeting of stockholders. Expenses were incurred by the committee in the solicitation of proxies for the special meeting. Legal action was required in order to compel the president of the corporation to hold the special meeting. (*Matter of Auer* v. *Dressel,* 306 N. Y. 427.) The special meeting was never held because, apparently, the purpose of the special meeting was accomplished at the annual meeting by the defeat of sufficient of the old directors to give the then insurgents control of the corporation. A majority of the new board of directors thereupon reimbursed the members of the "Stockholders Protective Committee" in the sum of $113,654.24 for the expenses incurred in the solicitation of proxies for the special meeting. This stockholders' action is to recover that sum from the directors who voted for the reimbursement and the directors who received the payment on the grounds that (1) the expenses were unnecessarily incurred in connection with the special meeting, when the business could have been transacted at the annual meeting; (2) the special meeting for which the greater part of the expenses were incurred was abandoned and the order directing it was vacated; (3) the stockholders of the corporation did not approve the payment; (4) the expenses were incurred in connection with a false campaign against plaintiff personally, and not in connection with matters of corporate principle or policy, and (5) a number of the items of the expenses were excessive and improper. Order denying motion of the individual defendants to dismiss the amended complaint for insufficiency affirmed, with $10 costs and disbursements. The amended complaint is sufficient. It alleges that the expenditures were not incurred in connection with a matter of corporate policy,

but in a campaign directed to a change of personnel and to defame some of the directors personally. (*Everett* v. *Phillips,* 288 N. Y. 227; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *Steinberg* v. *Adams,* 90 F. Supp. 604; cf. *Rosenfeld* v. *Fairchild Engine & Airplane Corp.,* 284 App. Div. 201.) In any event, attack is here made on the reasonableness of specific expenditures, which alone would make the complaint sufficient. (*Lawyers' Adv. Co.* v. *Consolidated Ry. Lighting & Refrig. Co.,* 187 N. Y. 395; see, also, *Rosenfeld* v. *Fairchild Engine & Airplane Corp., supra.*) Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.